ADAMS, Appellant, v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY, Respondent.

(183 N. W. 113.)

(File No. 4862.   Opinion filed June 2, 1921.   Rehearing denied July 16, 1921.)

Telegraphs and Telephones—Private Telephone, Exchange With Public Exchange, Rental Under Contract Re, Subsequent Federal War Control, Higher Rate Under, Enjoining Latter—Whether Private Exchange Part of Federally Controlled Property—Charge as "Rate."

A contract existed between plaintiff, a hotel proprietor, and a local telephone exchange, for use of each installed phone at $3.50 per year. Subsequently, under joint resolution of Congress of July 16, 1918, and the Presidential order thereunder the Post Master General assumed control of the local telephone system and fixed a schedule of rates, under which a rate of $6.00 per phone for a private exchange was established. Plaintiff sued the local telephone company to enjoin it from "cutting off plaintiff's telephone service" and to have said original contract "declared in full force and effect and binding on all parties thereto," he having refused to pay the federal rate or more than said contract price. Held, that said private exchange was an integral part of the telephone system under federal control, and payment of $6.00 yearly entitled parties occupying rooms in the hotel to use the private exchange and to connect all defendant's wires with other companies; and the fact that an additional and special charge might be made for such message passing through the private exchange does not alter the fact that the latter is but an arm of defendant's entire system; and the fixing of the yearly charge for each such hotel phone is the fixing of a "rate," for a unit of such system; and injunction was properly refused.

Appeal from Circuit Court, Minnehaha County. Hon JOHN T. MEDIN, Judge.

Action by George E. Adams, against the Northwestern Telephone Exchange System, a corporation, to enjoin defendant from cutting off plaintiff's telephone service and to have a certain rental contract declared in full force and effect. From a judgment

for defendant, and from an order denying a new trial, plaintiff appeals.   Affirmed.

*Parliman & Parliman,* for Appellant.

*Bates, Johnson & Simons,* for Respondent.

Appellant cited to point that rental is not fixing of a "rate;" Dakota Cent. Telephone Co. v. So. Dakota, U. S. S. C. L. Ed. Book 63, 923.   To point that federal control does not include this telephone system, cited:   United States R. Administration v. Burch, 254 Fed. 140.

Respondent cited, re control under congressional resolution and Presidential order:   Dak. Cent. Tel. Co. v. State of So. Dak., et al., 250 U. S. 163; Kneeland Bigelow Co. v. Mich. Cent. Ry. Co., (Mich.) 174 N. W. 605; Allied Printing Co. v. Scranton R. R. 1919, D. Pub. Utility Rep., 133.

WHITING, J.   Plaintiff sues to enjoin defendant from "cutting off plaintiff's telephone service," and to have a certain contract "declared in full force and effect and binding on all of the parties thereto."   Trial was had to the court, which entered findings, conclusions, and a judgment in favor of defendant. From the judgment and from an order denying a new trial this appeal was taken.

In 1912 the parties hereto entered into a written contract, under which defendant was to, and did, install in plaintiff's hotel a private branch telephone exchange with trunk line facilities connecting such private exchange with the public telephone exchange.   By the terms of the contract, plaintiff was to pay for each telephone on such exchange $3.50 per year.   As a result of the joint resolution of Congress of date July 16, 1918, and the order of the President thereunder, the Postmaster General assumed control of defendant's telephone system.   In June, 1919, the Postmaster General fixed a schedule of rates for the different properties under his control.   This schedule went into effect July 1, 1919.   Under this schedule, the Postmaster General purported to establish a rate of $6 per phone for a private exchange system such as plaintiff's.   This rate was later, and after the bringing of this action, continued by the State Railroad Commission. Plaintiff refused to pay more than the contract price, and brought this action, alleging that defendant was threatening—

"to discontinue its service to the plaintiff and his hotel, the result

of which would be to leave the plaintiff and his hotel wholly without telephone service of any kind, * * * and the plaintiff will thereby be greatly and irreparably damaged."

Respondent contends that injunction was not the proper remedy for appellant to seek; and respondent also raises a question of practice. We find it unnecessary to consider either of these matters.

Respondent contends that the $6 rate was lawfully established and in force, and it has cited numerous authorities to support such contention. We need not review such authorities or the propositions therein announced, as appellant very frankly says:

"We are familiar with the cases which counsel depends on in this case, and we have no quarrel with them over the law as laid down in these cases by the courts of this country. But we say confidently that these cases have absolutely no application to the question in difference here. In this case it is just the same as though the telephone company rented to this plaintiff under a contract a wagon or an automobile or a desk, agreeing to charge him therefor, as rent for said article, so much per year. It is not the establishment of a rate. Mr. Adams under this contract did not agree to pay the telephone company a certain rate for messages, tolls, etc., but simply rented of the company an article of equipment, and which has absolutely nothing to do with rates or the establishment of the rates of this company."

And appellant further says:

"Our position is, as outlined above, that is that the equipment plainly designated and described in the contract, has nothing to do directly with the matter of sending or receiving telephone messages over the company's line; but had to do with property belonging to the company that was not necessary for, nor at all used in the direct or indirect transportation of messages over the ones of the company, and that, hence, it does not come within the control of the government, or the Railway Commission, so as to abrogate or in any manner affect the contract in question."

Appellant cites the case of United States Railroad Administration v. Burch (D. C.) 254 Fed. 140. In this case the Railroad Administrator sought to restrain the sale upon execution of certain real property belonging to a railroad company whose property had been taken over by the government under the act of

Congress of August 29, 1916 (U. S. Comp. St. § 1974a.) This act authorized the President—

"to take possession and assume control of any system * * * or any part thereof * * * for the transfer or transportation of troops, war material and equipment. * * *"

The property levied on under the execution was real property found by the court to "not appear in any wise to be the property or land essential or necessary to the performance of the transportation duties and operations of the" railroad company. The court refused the injunction on the theory that it was not property which ever came into the possession and control of the Railroad Administration.

We are unable to see wherein this federal case has any application to the facts in the case before us. We deem the private exchange as much an integral part of the system, and as such as fully within the control of the Postmaster General and the State Railroad Commission, as are the telephones in private homes. The payment of the $3.50, and later of the $6 yearly charge, entitles the parties occupying rooms in the hotel to send and receive messages through the private exchange, and over the wires of the telephone company and of other companies; such messages could go to and be received from every point to which this or connecting systems might reach. The mere fact that an additional and special charge might be made for any such message passing through the private exchange does not alter the very patent fact that such private exchange system is but an arm of the entire system belonging to defendant; and that the fixing of a yearly charge for each phone in plaintiff's hotel is as much the fixing of a "rate" for a unit of such system as is the fixing of a monthly or yearly "exchange" charge for a residence or business phone.

The judgment and order appealed from are affirmed.